UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOSEPH FELDMAN AND VANDERBILT HOME
PRODUCTS, LLC,                                                       Case No: 19-cv-4452

                  *Plaintiffs,*                              **COMPLAINT**

    *- against -*                                                **JURY TRIAL DEMANDED**

COMP TRADING LLC, MOSES TAWIL,
JONATHAN TAWIL, MICHAEL SASSON, HARRY
HIDARY, and EDDIE SITT,

                  *Defendants.*
------------------------------------------------------------------X

Plaintiffs, by their attorneys Oved & Oved LLP, complaining of the Defendants, upon

information and belief, set forth and allege as follows:

## SUMMARY OF CLAIMS

1.      Plaintiffs bring this action for damages and injunctive relief based on Defendants'

unlawful hacking into Plaintiffs' secure business email account, and illegal interception and theft

of Plaintiffs' confidential, proprietary and trade secret business information, private and

confidential personal information, and attorney-client privileged communications.

2.      Based on this illegal conduct, Plaintiffs assert the following causes of action

against Defendants: (1) violations of the Stored Communications Act, and (2) violations of the

Computer Fraud and Abuse Act.

## PARTIES

3.      Plaintiff Joseph Feldman ("Feldman") is a natural person who resides in Kings

County, New York.  Feldman is a former member of defendant Comp Trading LLC ("Comp

Trading").

4.  Plaintiff Vanderbilt Home Products, LLC ("Vanderbilt," and collectively with Feldman, the "Plaintiffs") is a New Jersey limited liability company whose principal place of business is 261 Fifth Avenue, Suite 1512, New York, New York 10016.

5.  Defendant Comp Trading is a New York limited liability company whose principal place of business is 241 37th Street, Suite B460, Brooklyn, New York 11232.

6.  Defendant Moses Tawil ("Moses") is a natural person who resides in Kings County, New York.  Moses is Comp Trading's president and CEO.  Moses dominates and controls Comp Trading's business operations.

7.  Defendant Jonathan Tawil ("Jonathan") is a natural person who resides in Israel, and is a member in Comp Trading.

8.  Defendant Michael Sasson ("Sasson") is a natural person who resides in Kings County, New York, and is a member of Comp Trading.

9.  Defendant Harry Hidary ("Hidary") is a natural person who resides in Kings County, New York, and is a member of Comp Trading.

10.  Defendant Eddie Sitt ("Sitt") is a natural person who resides in Kings County, New York, and is Chief Technology Officer of Comp Trading.  Defendants Comp Trading, Moses, Jonathan, Sasson, Hidary, and Sitt are collectively referred to in this Complaint as the "Defendants."

## JURISDICTION & VENUE

11.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise out of Defendants' violations of 18 U.S.C. § 2707 (the "Stored Communications Act" or "SCA"), and 18 U.S.C. § 1030 (the "Computer Fraud and Abuse Act" or "CFAA").

12.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred in this district.

## BACKGROUND

## FELDMAN'S VANDERBILT EMAIL ACCOUNT

13.     On or about December 27, 2017, Vanderbilt registered an email address for Feldman under the name JF@vanderbilthc.com (the "Feldman Account"), through Microsoft Inc.'s ("Microsoft") cloud-based email hosting service, Microsoft 365.

14.     At all relevant times, Feldman maintained private and confidential electronic communications and documents with Microsoft, an Internet service provider, through the Feldman Account.

15.     At all relevant times, Feldman utilized his Feldman Account to transmit and receive information confidential to Plaintiffs, including: Vanderbilt's confidential business information, trade secrets, sensitive financial information and attorney-client privileged communications.

16.     At all relevant times, Feldman also utilized his Feldman Account to transmit and receive private and confidential personal information, including personal and family medical information, personal financial information, and other private information.

17.     At all relevant times, Feldman also utilized his Feldman Account to transmit and receive confidential and personal information of non-parties, based on the expectation of both Feldman and such non-parties that such information would only be viewed or accessed by Feldman.

18.   At all relevant times, Feldman was the sole authorized user of the Feldman Account, and Feldman did not provide authorization or the means to access the Feldman Account to any other party.

19.   At no point was anyone other than Feldman, including any of the Defendants, authorized or provided the means to access the Feldman Account.

**DEFENDANTS' UNLAWFUL ACCESS TO AND THEFT
OF INFORMATION FROM THE FELDMAN ACCOUNT**

20.   In or about June 2018, Feldman divested himself of his membership interest in Comp Trading.

21.   Thereafter, in April 2019, Defendants, acting in concert with one another and on behalf of Comp Trading, began unlawfully hacking into the Feldman Account to illegally access, intercept and steal confidential, proprietary and trade secret business information, private and confidential personal information, and attorney-client privileged communications maintained on the Feldman Account.

22.   Defendants' unlawful access to and theft of private, confidential, proprietary and privileged information from the Feldman Account was active and ongoing for approximately three months before Plaintiffs discovered it.

23.   Specifically, on no less than 117 separate occasions, between at least April 29, 2019, through June 18, 2019, the Defendants, acting in concert with one another, illegally accessed the Feldman Account from Comp Trading's IP address to cull, review, download, and save Plaintiffs' and other non-parties' confidential, proprietary and trade secret business information, private and confidential personal information, and attorney-client privileged information (the "Stolen Information").

24.     While Plaintiffs investigation is ongoing, the presently known dates and numbers of Defendants' unauthorized log-ins to the Feldman Account to misappropriate Stolen Information are set forth in the table below:

| Dates of Unauthorized Access | Number of Unauthorized Log-ins |
|---|---|
| April 29, 2019 | 7 |
| April 30, 2019 | 12 |
| May 1, 2019 | 4 |
| May 13, 2019 | 8 |
| May 15, 2019 | 10 |
| May 21, 2019 | 4 |
| May 28, 2019 | 5 |
| May 29, 2019 | 6 |
| May 30, 2019 | 4 |
| May 31, 2019 | 5 |
| June 3, 2019 | 5 |
| June 5, 2019 | 13 |
| June 6, 2019 | 4 |
| June 7, 2019 | 4 |
| June 10, 2019 | 4 |
| June 11, 2019 | 6 |
| June 12, 2019 | 4 |
| June 13, 2019 | 4 |
| June 17, 2019 | 4 |
| June 18, 2019 | 4 |
| **Total** | **117** |

25.     The Defendants downloaded, viewed and disseminated the Stolen Information amongst themselves and to unauthorized third parties.

26.     The Defendants' illegal and unauthorized access to the Feldman Account continued until June 19, 2019, when Feldman discovered it, and began to take remedial measures to prevent it from continuing.

## FIRST CAUSE OF ACTION
### (Violation of the Stored Communications Act, 18 U.S.C. § 2701 *et. seq*.)

27.     Plaintiffs repeat, reiterate, and re-allege each and every allegation as contained in the above paragraphs with the same force and effect as if more fully set forth herein at length.

28.     Vanderbilt and Feldman are the owners of the Feldman Account, and Feldman is the sole authorized user thereof.

29.     Defendants, acting in concert with one another and on behalf of Comp Trading, unlawfully hacked into the Feldman Account, to illegally access, intercept and steal the confidential, proprietary and trade secret business information, private and confidential personal information, and attorney-client privileged communications maintained on the Feldman Account.

30.     Defendants, acting in concert with one another and on behalf of Comp Trading, viewed and disseminated the Stolen Information amongst themselves and to unauthorized third parties.

31.     The Stored Communications Act, 18 U.S.C. § 2701 *et. seq*., prohibits Defendants from knowingly accessing, without authorization, a facility through which an electronic communication service is provided, and/or intentionally exceeding an authorization to access a facility, thereby obtaining, altering, and/or preventing authorized access to a wire or electronic communication while it was in electronic storage.

32.     The documents and information on the Feldman Account, including the Stolen Information, were electronically stored on the Microsoft 365 cloud server, which is owned and controlled by Microsoft, an electronic communication service provider.

33.     Accordingly, Defendants' conduct, set forth in more detail above, constitutes at least 117 separate violations of the Stored Communications Act, 18 U.S.C. § 2701 *et. seq*.

34.     Based on the foregoing, Plaintiffs are entitled to damages in an amount to be determined at trial, plus reasonable attorney's fees, costs, and interest.

**SECOND CAUSE OF ACTION**
**(Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et. seq.*)**

35.     Plaintiffs repeat, reiterate, and re-allege each and every allegation as contained in the above paragraphs with the same force and effect as if more fully set forth herein at length.

36.     Defendants, acting in concert with one another and on behalf of Comp Trading, unlawfully hacked into the Feldman Account, to illegally access, intercept and steal the confidential, proprietary and trade secret business information, private and confidential personal information, and attorney-client privileged communications maintained on the Feldman Account.

37.     The Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et. seq.*, prohibits Defendants from intentionally accessing a computer without authorization, or exceeding authorized access, and thereby obtaining information from any protected computer that is used in and/or affects interstate commerce and communication.

38.     The documents and information on the Feldman Account, including the Stolen Information, were electronically stored on the Microsoft 365 cloud server, a protected computer that is used in and/or affects interstate commerce and communication.

39.     Accordingly, Defendants' conduct, set forth in more detail above, constitutes at least 117 violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et. seq.*

40.     Plaintiffs have been and continue to be damaged by Defendants' wrongful conduct, and have suffered aggregated losses of over $5,000 during the last 1-year period as a result thereof.

41.     Based on the foregoing, Plaintiffs are entitled to damages in an amount to be determined at trial, plus interest.

**WHEREFORE**, Plaintiffs demand a trial by jury, and judgment against all Defendants, jointly and severally, for:

a) On Plaintiffs' First Cause of Action, an award of statutory and compensatory damages in an amount to be determined at trial; an award of punitive damages in an amount to be determined at trial plus damages, costs, interest, expenses, and attorney's fees in an amount to be determined at trial;

b) On Plaintiffs' Second Cause of Action, an award of compensatory damages in an amount to be determined at trial, but in any event, not less than $5,000, plus interest;

c) A permanent injunction (i) enjoining Defendants and their respective agents, servants, employees, officers, assigns, and all other persons acting in concert or in participation with any of them from engaging in any further acts constituting violations of the Stored Communications Act or the Computer Fraud and Abuse Act; (ii) directing Defendants to return the Stolen Information to Plaintiffs and destroy any copies thereof, whether physical or electronic, in their possession, custody or control.

d) An award of costs, expenses, and attorney's fees for the prosecution of this action, in an amount to be determined at trial;

e) An award of pre-judgment interest; and

f) Any other and further relief as the Court deems just and proper.

Dated: New York, New York
August 2, 2019

/s/ Glen Lenihan
Andrew J. Urgenson, Esq.
Glen Lenihan, Esq.
OVED & OVED LLP
*Attorneys for Plaintiffs*
401 Greenwich Street
New York, New York 10013
Tel: 212.226.2376