UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JOSEPH FELDMAN, et al.,

                    Plaintiffs,                    MEMORANDUM
                                                    AND ORDER

                -against-                        19-CV-4452 (RPK)

COMP TRADING LLC, et al.,

                    Defendants.
----------------------------------------------------------------x

ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:

      Currently pending before this Court are the respective sides' cross-motions to compel, peppered with hyperbolic recriminations against one another. See Letter Motion to Compel (June 1, 2020), Electronic Case Filing Docket Entry ("DE") #45; Letter Motion to Compel and Opposition to Defendants' Letter Motion (June 1, 2020), DE #46; Response in Opposition (June 2, 2020) ("Def. Resp."), DE #47. Having considered the parties' arguments, the Court rules as follows:

**I. Defendants' Motion to Compel Interrogatory Responses (DE #45)**

      The Court concludes that plaintiffs must supplement their responses to the disputed Interrogatories, i.e., Interrogatories #5, #7, #8, #9, #11, #12, and #15. As an initial matter, the Court overrules plaintiffs' recurring boilerplate objection that defendants' Interrogatories are "premature." That plaintiffs may currently possess insufficient information with which to provide a full and complete response does not thereby render the Interrogatory at issue premature; plaintiffs should acknowledge any such limited information, as well as their obligation to timely supplement said response if and when plaintiffs learn that their response is

incomplete or incorrect. See Fed. R. Civ. P. 26(e)(1)(A).

The Court also rejects plaintiffs' relevance objections (lodged in response to Interrogatories #5 and #8); the information sought, whether or not ultimately admissible, is discoverable.

Based on its review of the disputed Interrogatories and responses, the Court concludes that all of plaintiffs' challenged responses are deficient. For example, Interrogatories #11 and #12 ask plaintiffs to "[d]escribe in detail" interruptions in service and/or other damage suffered by plaintiffs; their responses vaguely complain that they were "force[ed] to divert [unspecified] resources away from normal business operations . . . ." (DE #45-1 at 13, 14). Absent details concerning the nature and scope of the diverted resources, plaintiffs cannot be said to have identified any damage to their normal business operations. See Fed. R. Civ. P. 37(a)(4) ("an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond"). Plaintiffs are cautioned that if they fail to adequately respond to the disputed interrogatories, they will be precluded from offering evidence relating to the allegations addressed in such interrogatory. See Ng v. HSBC Mortg. Corp., No. 07-CV-5434 (RRM)(VVP), 2010 WL 889256, at *4 (E.D.N.Y. Mar. 10, 2010); Fed. R. Civ. P. 37(b)(2)(A); id. 37(d); see also McCullough v. World Wrestling Entm't, Inc., Case No. 3:15cv1074(VLB), 2018 WL 2932354, at *5-6 (D. Conn. Feb. 22, 2018), adopted, 2018 WL 4697285 (D. Conn. July 22, 2018).

Plaintiffs are directed to supplement their responses to the disputed Interrogatories by June 22, 2020.

**II.   Plaintiffs' Motion to Compel Defendants' Document Production (DE #46)**

The Court declines the parties' invitation to get into the weeds of their contretemps over who said what and when regarding the production of defendants' documents.  The fact remains that, despite the Court's Order dated March 31, 2020 (DE #31), directing defendants to complete their production of documents by April 27, 2020, they neither did so nor timely moved to extend that deadline.  The Court's patience with their dereliction (see 5/1/20 Order) has been exhausted: Although defendants have, for at least several weeks, been in possession of the documents yielded by the search conducted by their IT vendor, defendants persist in refusing to disclose the date by which their long overdue document production to plaintiffs will be completed.  The Court will therefore set a firm deadline: Defendants must, on pain of sanctions, including but not limited to monetary sanctions, complete their production of responsive documents by June 22, 2020.  Defendants' production must include responsive documents generated by a search of defendants' personal accounts; that defendants claim that "they did not use their personal accounts for business affairs" (Def. Resp. at 2) does not negate the potential presence of documents responsive to demands such as those for "All Documents and Communications between and among any of the Defendants and any other Person concerning Plaintiffs and/or the allegations in the Complaint" (Document Request #12, DE #27-1).

Plaintiffs' motion for fees is denied without prejudice.

3

## CONCLUSION

For the foregoing reasons, defendants' motion to compel (DE #45) is granted and plaintiffs' cross-motion to compel (DE #46) is granted in part and denied in part without prejudice.

**SO ORDERED.**

**Dated:** Brooklyn, New York
June 16, 2020

/s/    *Roanne L. Mann*

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**