**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
**JOSEPH FELDMAN, et al.,**

|  |  |  |
|---|---|---|
| | **Plaintiffs,** | **MEMORANDUM**<br>**AND ORDER** |
| | **-against-** | **19-CV-4452 (RPK)** |

**COMP TRADING LLC, et al.,**

                                   **Defendants.**
----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

Among the various discovery motions and cross-motions filed by the parties within the past three weeks is one particularly time-sensitive dispute, which the Court addresses in this order. Specifically, plaintiffs have moved to compel the deposition of defendant Michael Sasson, in his individual capacity and as the designated Rule 30(b)(6) representative of defendant Comp Trading LLC (DE #57). Those depositions, by agreement of the parties, were adjourned to July 23, 2020. Defendants now refuse to produce Sasson for those depositions, on the ground that the topics of examination in the Rule 30(b)(6) notice of deposition served on Comp Trading is "nearly identical" to the topics in the notice that defendants served on plaintiff Vanderbilt Home Products, LLC, to which plaintiffs have lodged objections; and that Sasson should not have to appear twice (in his individual capacity and as Comp Trading's representative) to be deposed (DE #58).

Plaintiffs' motion to compel is granted. It was not until this past Thursday, July 16, 2020 - only one week before the rescheduled depositions - that defendants for the first time voiced any objection to a Rule 30(b)(6) notice that was served on May 8, 2020, and even then,

defendants identified only one specific objectionable topic (Request No. 6), which plaintiffs

agreed to withdraw.  And in yesterday's filing with the Court, defendants' only complaint

about any of the Rule 30(b)(6) topics is that they mirror those to which plaintiffs are objecting

in connection with the notice served on Vanderbilt.  Under these circumstances, the Court

rejects defendants' belated tit-for-tat challenge.  Nevertheless, plaintiffs are forewarned that,

while the fact that their notice and defendants' are substantially similar is not dispositive of

their challenge to the scope of the notice served on Vanderbilt, it is a factor that is likely to

weigh heavily against them when the Court addresses that dispute.

       **SO ORDERED.**

**Dated:**    **Brooklyn, New York**
          **July 21, 2020**

/s/       *Roanne L. Mann*

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**

2